# Exhibit D

FL-190

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JANE R. KAPLAN, ESQ.    SBN. 85059<br>3050 Shattuck Avenue<br>Berkeley, CA 94705<br><br>TELEPHONE NO.: 510/848-4752    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Petitioner | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>DEC 2 2 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By Brandon Chu |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Northern

PETITIONER: LEANN FLESHER

RESPONDENT: CLARK F. FLESHER

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER:<br>RF07354920 |
|---|---|

You are notified that the following judgment was entered on (date): ~~FORTHWITH~~ DEC 2 2 2008

1. [X] Dissolution
2. [ ] Dissolution—status only
3. [ ] Dissolution—reserving jurisdiction over termination of marital status or domestic partnership
4. [ ] Legal separation
5. [ ] Nullity
6. [ ] Parent-child relationship
7. [ ] Judgment on reserved issues
8. [ ] Other (specify):

Date: DEC 2 2 2008

Clerk, by _____Brandon Chu_____, Deputy

—NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY—

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

> STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION
> Effective date of termination of marital or domestic partnership status (specify): 12/19/08
> WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.

CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the Notice of Entry of Judgment was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed
at (place): Oakland , California, on (date): DEC 2 2 2008

Date: DEC 2 2 2008

Clerk, by _____Brandon Chu_____, Deputy

| Name and address of petitioner or petitioner's attorney | Name and address of respondent or respondent's attorney |
|---|---|
| LeAnn Flesher<br>c/o Jane R. Kaplan<br>3050 Shattuck Avenue<br>Berkeley, CA 94705 | Clark F. Flesher<br>c/o Gregory A. Silva, StoneHouse & Silva<br>1301 Marina Village Parkway, Suite 330<br>Alameda, CA 94501 |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

**NOTICE OF ENTRY OF JUDGMENT**
(Family Law—Uniform Parentage—Custody and Support) ©EB

Family Code, §§ 2338, 7636, 7637
www.courtinfo.ca.gov

FL-180

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| FLESHER, LEANN and FLESHER, CLARK F. | RF07354920 |

4. (Cont'd.)

i. [X] A settlement agreement between the parties is attached.

j. [ ] A written stipulation for judgment between the parties is attached.

k. [ ] The children of this marriage or domestic partnership.

   (1) [ ] The children of this marriage or domestic partnership are:

      Name                    Birthdate

   (2) [ ] Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

l. [ ] Child custody and visitation are ordered as set forth in the attached

   (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.

   (2) [ ] Child Custody and Visitation Order Attachment (form FL-341).

   (3) [ ] Stipulation and Order for Custody and/or Visitation of Children (form FL-355).

   (4) [ ] other (specify):

m. [ ] Child support is ordered as set forth in the attached

   (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.

   (2) [ ] Child Support Information and Order Attachment (form FL-342).

   (3) [ ] Stipulation to Establish or Modify Child Support and Order (form FL-350).

   (4) [ ] other (specify):

n. [X] Spousal or partner support is ordered as set forth in the attached

   (1) [X] settlement agreement, stipulation for judgment, or other written agreement.

   (2) [ ] Spousal, Partner, or Family Support Order Attachment (form FL-343).

   (3) [ ] other (specify):

NOTICE: It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

o. [X] Property division is ordered as set forth in the attached

   (1) [X] settlement agreement, stipulation for judgment, or other written agreement.

   (2) [ ] Property Order Attachment to Judgment (form FL-345).

   (3) [ ] other (specify):

p. [X] Other (specify): See attached

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

                                         JUDICIAL OFFICER

5. Number of pages attached: One, +12 pages of MSA  [X] SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]           **JUDGMENT**                CEB   Page 2 of 2
                                 (Family Law)

FLESHER and FLESHER
Case No. RF07354920
Judgment-Attachment
Item 4 (p).

1. No court shall have jurisdiction to award spousal support to either party now or at any time in the future regardless of any circumstances that may arise.

2. Each party shall pay his or her own attorney fees and costs.

3. The attached Marital Settlement Agreement is incorporated herein by reference and made a part of this Judgment. The parties are ordered to comply with its terms.

ORDER

IT IS SO ORDERED.

Dated: 12/19/04

_____
Carrie M. Panetta
JUDGE OF THE SUPERIOR COURT.

APPROVED AS TO FORM AND CONTENT:

Dated: 11/11/08

_____
LEXANN FLESHER
Petitioner

Dated: 11/11/08

_____
JANE R. KAPLAN
Attorney for Petitioner

Dated: 11/20/08

_____
CLARK F. FLESHER
Respondent

Dated: 12/4/08

_____
GREGORY A. SILVA
Attorney for Respondent

## MARITAL SETTLEMENT AGREEMENT

THIS AGREEMENT is made effective the last date of signature below, by and between CLARK F. FLESHER who is referred to in this Agreement as Husband and who resides in Alameda, California, and LEANN FLESHER who is referred to in this Agreement as Wife and who resides in Berkeley, California:

### RECITALS

1. We make this Agreement with reference to the following facts:

a. The parties were married on September 20, 1980 and have continuously since then been married to one another.

b. Irreconcilable differences have arisen between Husband and Wife, and as a result they have lived separate and apart since March 22, 2007, after a marital period of 26 years, 6 months.

c. A proceeding for dissolution of marriage was filed by Wife on November 6, 2007, in the Superior Court of the State of California, County of Alameda, Action Number RF07354920. Said action is presently pending.

d. There are no minor children of the marriage.

### PURPOSE OF AGREEMENT

2. The purposes of this Agreement are:

a. Settle the obligations of Husband and Wife concerning the support of one another.

b. Settle all property interests and rights of Husband and Wife arising out of their marriage.

c. Relinquish any and all past, present, or future claims that each may have against the property or estate of the other or his or her executors, administrators, representatives, successors, and assigns, except as explicitly provided otherwise herein.

d. Effect a final settlement of the respective rights of the parties arising out of their marriage, except when this Agreement specifically provides for subsequent modification.

In consideration of the foregoing, and of the respective promises set forth in this Agreement, the parties agree as follows:

### SPOUSAL SUPPORT

3. Husband is in good health and does not have any known illness or physical condition which renders him incapable of gainful employment; Husband does not require any extraordinary medical attention.

4. Wife is in good health and does not have any known illness or physical condition which renders her incapable of gainful employment; Wife does not require any extraordinary medical attention.

5. No court shall have jurisdiction to award spousal support to either party now or at any time in the future regardless of any circumstances that may arise. We each waive all right or

Page 1 of 12

claim which we may now have to receive spousal support from the other. We understand that either of us could ask the court to retain jurisdiction over the subject of spousal support. We are informed and aware that, if requested by either party, the court is required to reserve spousal support for long-term marriages of over ten years, and may be disposed to do so for marriages shorter than ten years. We are advised that this clause may work great and unexpected hardship on one or both of us, and we have considered that possibility in electing to waive the right to receive spousal support.

<u>DIVISION OF ASSETS AND DEBTS</u>

6. <u>Family Residence</u>:

a. Husband and Wife agree to immediately list their Family Residence, located at 9 Redondo Court, Alameda, California 94501 ("Residence"), for sale until it is sold or until otherwise mutually agreed upon by the parties. Husband and Wife shall promptly contact Wendy Sanda or other mutually selected realtor to sign a listing agreement for the Residence. The parties shall fully cooperate to market the Residence.

b. The parties shall equally share any agreed upon costs for preparing the Residence for sale. In the event of a dispute, the parties shall follow the recommendation of their realtor unless otherwise ordered by the Court.

c. Pending sale, Husband shall have exclusive use and occupancy of the Residence. Husband will deposit $2500 per month and Wife shall deposit $700 per month, payable on the first day of each month, into the parties' joint account with Bank of America until sale of the property. From said account, the parties shall pay the following monthly expenses: Chase mortgage, property taxes, property insurance, Marina Village Homeowners' Association dues, and the Chase equity line. The parties shall equally share these expenses in the event there are insufficient funds in the joint account.

d. The net proceeds from the sale of the Residence shall be equally divided between the parties except as otherwise provided herein. Any above costs advanced by a party shall be reimbursed from the other party's share of sale proceeds.

e. Husband shall reimburse Wife $406.00 from his share of sale proceeds for her payments to the Mercury car insurance and Shell Vacation Club in September 2008.

f. In the event that (a) the Residence is not sold within a reasonable period of time and (b) either party serves written notice on the other party of his/her intent to buy out the other party's interest, the court reserves jurisdiction over the division of the Residence if there is a dispute over terms of sale.

7. Husband and Wife acknowledge, agree, and hereby confirm that Wife is awarded the following property as her sole and separate property. Husband hereby waives any claim or interest therein:

a. Credit card obligation owed to Christian Community Credit Union. Any balance owing on the account shall be paid from Wife's share of the Residence sale proceeds.

b. The real property ownership interest in the property commonly known as the Minnesota farm ("farm"), also known as Valley View Acres, and located at 301 Jay Street, Le

Page 2 of 12

Sueur, Minnesota, including any encumbrances thereon. Wife shall refinance the farm to remove Husband's name from the existing loan and any other encumbrance on the farm within 90 days from the sale of the Residence. Wife holds Husband free and harmless from any liability under any obligations, liens or encumbrances on the farm.

Husband shall immediately execute an interspousal transfer deed (or comparable deed prepared under Minnesota law) conveying his entire interest in the farm to Wife. Wife's Minnesota attorney, James Anderson of Anderson & Skubitz (507/665-3349; 108 South Main Street, Le Sueur, MN 56058) will prepare the transfer deed. Husband shall execute the deed and return it to Mr. Anderson. Mr. Anderson will hold the deed in escrow and shall not record it until Husband's name is concurrently removed from the farm loan.

    c. One-half interest in the Residence located at 9 Redondo Court, Alameda, CA

    d. Jeep Cherokee

    e. Financial accounts in her name, possession and control; including savings accounts, certificates of deposits, checking accounts, except for the parties' joint Bank of America checking account as provided herein.

    f. Credit card obligations in Wife's name except as provided herein.

    g. Personal property within Wife's name, possession and control, except as otherwise provided herein.

    h. The book on Le Sueur, Minnesota and her personal family photo album, located at the Residence. Husband shall use his best efforts to locate these items and give them to Wife.

8. Husband and Wife acknowledge, agree, and hereby confirm that Husband is awarded the following property as his sole and separate property. Wife hereby waives any claim or interest therein:

    a. One-half interest in the Residence, located at 9 Redondo Court, Alameda, CA

    b. Mazda Miata

    c. Jeep Wrangler

    d. Financial accounts in Husband's name, possession and control; including savings accounts, Certificates of deposits, checking accounts, except for the parties' joint Bank of America checking account as provided herein.

    e. Credit card obligations in Husband's name except as provided herein.

    f. Personal property in Husband's name, possession and control, except as otherwise provided herein.

9. The parties shall contact the pension administrator to calculate the community interest in each party's retirement accounts through the Minister's and Missionaries Benefit Board, and to prepare a Qualified Domestic Relations Order to equalize the division. If MMBP fails to prepare this information, the parties shall retain Moon, Madden and Schwartz for that purpse. Once the QDRO has been finalized and the equalization payment made, each party is awarded the retirement account in their respective names. As and for the division of the retirement accounts the date of marriage is September 20, 1980 and date of separation is March 31, 2007.

10. Each of the parties is awarded the life policy insuring their own life and are immediately authorized to change the beneficiaries thereof.

Page 3 of 12

11. During the marriage a book by the name of *Left Behind? Facts Behind the Fiction* was created, which generates approximately $200.00 per year in royalty. There are other potential intellectual property creations made during the marriage. Any community royalties up to $5,000 per year shall be awarded to the party who created the work. The court will reserve jurisdiction over these items in the event any community royalty is received by a party in excess of $5,000.00 per year related to community property. The party receiving any royalty on such creations shall immediately inform the other party.

12. The parties have executed transfer documents on their vehicles as provided above. Each party shall immediately submit the respective transfer documents to the Department of Motor Vehicles so that the transfer is recorded by DMV. Each party is solely responsible for the vehicles awarded to them, including encumbrances and obligations thereon. Each party shall immediately obtain his/her separate insurance policies on the respective vehicles awarded.

13. The obligation owed on the Marriot Timber Lodge in the approximate amount of $1,211.00 has been paid from the parties' Chase Equity line.

14. The parties shall cooperate to sell their interests Shell vacation club and Marriot Timber Lodge, and shall equally share in the costs of sale and the sale proceeds. Pending sale, the parties shall equally share maintenance and taxes related to the properties.

15. The parties received notice of a Bond repayment check on the Residence. They shall discuss and resolve this item. In the event of a dispute, the court reserves jurisdiction over its division.

16. Husband shall make his best efforts to provide Wife copies of any and all joint bills and any notices related to their jointly held property within 7 days of receipt. The court shall reserve jurisdiction over the allocation of interest or penalties imposed related to Husband's unreasonable delay.

17. It is the intention of Husband and Wife to divide their community property into shares of equal net value by means of the division of community assets and obligations, and the equalizing payment (if any) as provided in the preceding paragraphs of this section. Both parties acknowledge that they have been advised of their right to conduct formal and comprehensive discovery. Both parties have expressly agreed that they do not wish to conduct comprehensive discovery regarding the community estate. In negotiating this agreement, the parties have elected instead to rely on informal discovery and on the fiduciary obligation of the other party, imposed by Family Code sections 754 and 1100, to disclose all material facts and information pertaining to the existence, characterization, and valuation of all potential community assets and obligations.

18. The court shall reserve jurisdiction over the implementation of the provisions of this Agreement.

Page 4 of 12

19.  Wife and Husband are each informed, pursuant to Family Code section 2024 that, although an obligation based on a contract is ordered assumed by one party in a division of community property, in the event that party to whom the obligation was assigned defaults on the contract, the creditor may have a cause of action against the other party.  Neither party shall hereafter incur any indebtedness chargeable against the other or his or her estate nor contract any debt or obligation in the name of the other and each party shall indemnify and hold the other harmless from and against such indebtedness incurred or created by such indemnifying party. Each party shall pay and hold the other party harmless from each obligation awarded herein, and from any collection action relating to separate or community liabilities set forth herein, including reasonable attorney fees and costs incurred in defending against attempts to collect any obligation of the other party. The parties shall forthwith surrender and cancel all credit cards and charge accounts presently outstanding upon which the other would, is, or may be liable.

20.  Except as otherwise provided in this Agreement, each party hereby releases the other from all interspousal obligations, whether incurred before or after the effective date, and all claims to the property of the other.  This release extends to all claims based on rights that have accrued before the marriage, including, but not limited to, property and support claims. The parties have considered such claims in this Agreement. This release extends to all claims, whether known or unknown, that either party may have against the other. Each party waives, with respect to the other, the benefits of Civil Code section 1542, which protects against the inadvertent waiver of material claims that one does not know or suspect to exist.

21.  Liabilities, Insurance, Taxes, Encumbrances and Liens on Awarded Assets.  The parties agree that as of the effective date of this Agreement, in the transfer of title of real or personal property from one party to the other, the transferee shall assume the transferor's share of any and all debts or obligations secured by the real or personal property, including, with respect to real property, any loan payments, property taxes, special assessments or other liens or encumbrances, unless concealed by the other party.  Each party agrees to hold the other harmless from any such obligations and to indemnify the other party for any payments he or she may be required to make in connection with any such obligations after the effective date of transfer of title as provided in this Agreement.  The party awarded any asset will also be awarded any insurance on the asset and will pay any insurance premiums owed and hold the other party harmless therefrom.

22.  Satisfaction of All Reimbursement Rights.  The division of assets and obligations, as set forth in this Agreement, constitutes full satisfaction of all rights of reimbursement for separate property contributions to the acquisition of community property, for payment of community obligations from the separate property of each party, for community property contributions to the educational expenses of Husband and/or Wife and for payment of any separate obligations of either or both parties from community property.  Each party waives the right to further reimbursement from the community or from the other party.  Except as expressly provided in this agreement, each party waives any right to reimbursement for the following:

Page 5 of 12

a. Epstein credits (In re Marriage of Epstein, 24 Cal.3d 76 (1979) and all rights to reimbursement to which they may be entitled as a result of the payment of community obligations since the date of separation;

b. Watts credits (In re Marriage of Watts, 171 Cal.App.3d 366 (1985) and all rights to reimbursement to which a party or the community may be entitled as a result of one party's use of any community asset since separation;

c. All rights to reimbursement pursuant to Family Code Section 2640, or otherwise, for separate property contributed to the acquisition or maintenance of community property.

23. Husband and Wife agree that the provisions of Section 1041 of the Internal Revenue Code shall govern the division of property set forth in this Agreement, and that the parties intend their property transactions herein to be non-taxable either to the transferor or to the transferee. Husband and Wife agree that the division of property that they have made by this Agreement constitutes their best effort to divide the community property equally and fairly, and that their allocation of property between themselves does not constitute a sale or exchange of property. No sale is effected between the parties of any of the foregoing assets. Each of them therefore agrees that the tax basis of each asset allocated to him or her under those provisions has not changed and will not change by reason of this division and each agrees not to seek a new tax basis for any asset as a result of such change. If either party is later assessed for any federal or state income taxes on the grounds that any disposition of assets under those provisions was a taxable event, the party seeking the new tax basis shall indemnify the other party in the amount of the tax liability arising from the assessment. Each party shall notify the other immediately in the event he or she receives a notice from a taxing authority of an audit or assessment against them.

## TAX MATTERS

24. Husband shall immediately provide Wife with copies of the parties' 2001-2004 Federal and State tax returns.

25. Husband and Wife have filed joint 2007 State and Federal tax returns and retained Keith Giron, CPA as their joint accountant. The parties shall equally share his fees. The parties shall request the accountant to calculate each parties' respective tax obligation for 2007 based on the following:

- From January 1, 2007 through March 31, 2007: all earnings are community.
- From April 1, 2007 through December 31, 2007: earnings shall be considered each parties separate earnings and shall be allocated as such for tax purposes.
- The Residence-related deductions shall be equally divided between the parties for the entire tax year of 2007.

Each party's share of income taxes shall be credited any payments previously made from their separate earnings from April 1, 2007 through December 31, 2007.

26. The parties received notice of interest and penalties related to their 2006 tax return. The parties shall equally share this obligation. Wife provided Husband with a check for her one-

Page 6 of 12

half. Husband hereby confirms that he mailed Wife's check and his payment to the tax authorities.

27. Residence-related tax deductions shall be equally divided between the parties until the Residence is sold.

28. In the event either party is assessed taxes related to the sale of the Residence, such obligation shall be equally shared by the parties.

29. The parties agree that the costs of any taxing authority audit, or the cost of defending against the claim of any tax authority, or the cost of satisfying any additional tax liability that either or both parties agree is, or is adjudicated to be, owing to any taxing authority on the basis of income taxes, penalties or interest assessed on joint tax returns for all tax years through and including 2006 (and earnings through March 31, 2007) shall be shared equally by Husband and Wife; except that neither party shall be responsible for the payment of any deficiency assessment, interest or penalty to the extent it relates to or arises from income that the other party has not heretofore disclosed or recorded (any such deficiency assessment, interest or penalty shall be paid by the non-reporting party). If either party pays such deficiency assessment, interest or penalty attributable to the unreported income of the other spouse, the non-paying spouse shall fully reimburse the payor for such payment and all expenses attributable thereto.

Any refunds received related to jointly filed returns for tax years through and including 2006 (and earnings through March 31, 2007) shall be equally divided between the parties.

All such costs, expenses and/or liabilities on account of earnings received after April 1, 2007 shall be paid by and be the sole liability of one, or the other, or both of the parties, based upon the nature of the tax deficiency and with respect to whether and the extent that such item or items are attributable to the income, deductions or reporting of one, or the other, or both of the parties. Any refunds received relating to jointly filed returns on earnings received after April 1, 2007 shall be divided between the parties to the extent that the refund is attributable to the income, deductions, or reporting of one, or the other, or both of the parties.

30. If either party receives any tax deficiency notice for any joint tax return, he or she shall immediately forward a copy of such notice to the other. Each party agrees to cooperate fully with the other and to execute or furnish any documents reasonably requested by the other, and to furnish information and testimony with respect to any tax liability asserted against the parties. If a deficiency is found, the liability, including penalties and interest, shall be shared equally.

31. Husband and Wife agree that for any gift or transfer made by either party during the period of their marriage, and prior to separation, without adequate consideration and without the other party's knowledge or consent, the party who made the gift shall be solely responsible for all gift taxes, penalties, or interest that is payable by reason of such gift or transfer.

32. For each year after 2007 in which the parties do not file joint tax returns, each party shall be responsible for, and indemnify and hold the other harmless from, any taxes due as a result of post-Agreement ownership, sale, transfer, or other transaction pertaining to assets that each party obtains or retains under this Agreement.

33. As used in this section, the words "tax," "taxes," "deficiency," or "refund" shall include interest and penalties, if any.

34. The parties agree that the court shall retain jurisdiction to make further orders that may be necessary to enforce the provisions of this tax agreement, or any other portion of this Agreement.

35. The parties agree that the taxing authorities are not third party beneficiaries of this Agreement and shall have no rights to enforce the provisions of this section against the parties.

## ATTORNEY FEES AND COSTS

36. Each party shall pay his or her own attorney fees and costs.

37. If either party fails to perform his or her respective obligations under this Agreement or the judgment of dissolution of marriage, and the other is thereby required to incur attorney fees, accountant fees, or other fees or costs, then the party incurring such fees and costs shall be entitled to apply to any court of competent jurisdiction for such fees and costs against the other party. The same rights apply if either party has breached any warranties or representations contained in this Agreement.

## WARRANTIES AND COVENANTS

38. Husband and Wife acknowledge that through inadvertence, some property of the marriage may not have been disclosed in this Agreement. If it is discovered later than on the date of this Agreement either party owned property with an aggregate value of more than $500 that is not listed in the Agreement and that the other party had an interest in, the party possessing the property agrees to transfer a one-half interest in that property to the other party, or, at the election of the other party, pay the full market value of the other party's interest in that property as of the date of this Agreement, or the full market value of the other party's interest at the time the interest is discovered, at the election of the party receiving payment. Each party consents and agrees that the court in their pending action for dissolution shall retain continuing jurisdiction to resolve any claims to undisclosed property arising under this paragraph. This Agreement is not intended to impair the availability, in a court of competent jurisdiction, of any other remedy arising from the undisclosed ownership.

39. The parties agree that each is willing to enter into this Agreement regardless of the value, nature, or extent of those assets set forth above. The parties acknowledge that the Minnesota farm has not been fully appraised and accept this transaction without an appraisal of the value of the farm.

Page 8 of 12

40. Husband and Wife each assumes and agrees to pay when due, and agrees to defend and hold the other harmless from any debts or obligations imposed on the particular party by the terms and provisions of this Agreement.

41. Husband and Wife warrant to one another that he/she has not incurred any obligation that is not disclosed by this Agreement that is either an obligation on which the other party is or may become personally liable, or an obligation that could be enforced at any time against an asset confirmed to the other party by this Agreement. Wife and Husband each covenants not to incur any such obligation after execution of this Agreement, except as expressly authorized by this Agreement, by subsequent agreement between the parties, or by an order of a court of proper jurisdiction.

## RECIPROCAL WAIVER OF INHERITANCE

42. Each party relinquishes the right to act as administrator or executor of the estate of the other, all right to inherit from the other, and all right to receive in any manner any property of the other on the death of the other, either under succession laws or under community property law, or so-called family allowance, except as a devisee, legatee, or beneficiary under any Will or other instrument subsequently executed by either party, or when the other party is named in such capacity.

43. Each of the parties further waives any and all causes of action he or she may have against the other party for any negligent or intentional tort committed prior to the date hereof.

## LEGAL EFFECT AND ADVICE OF COUNSEL

44. The parties agree that they have been represented by and have relied on counsel of their own choosing in negotiations for and in preparation of this Agreement; that they have read this Agreement and it was explained fully to them by their respective counsel; and that they are fully aware of and accept the contents, legal effect, and consequences of this Agreement and its provisions. Husband and Wife further declare that there have been no promises or agreements by either party to the other, except as set forth here, that were relied on by either as inducement to enter into this Agreement, and that this Agreement has been entered into voluntarily, free from duress, fraud, undue influence, coercion, or misrepresentation of any kind. Each party understands and has been advised that agreements contained herein for one party to assume obligations of the community, may not be binding on the creditor, and that the creditor may retain rights to seek payment against either party. Additionally, each party has been advised that obligations to third parties and to each other are subject to possible discharge in bankruptcy.

45. This Agreement has been initially prepared by Jane R. Kaplan. However, Husband has been given the opportunity to consult with his own attorney prior to the execution of this Agreement, and therefore this Agreement reflects the changes and modifications agreed upon by the parties and their counsel. Accordingly, Husband waives any rights he might otherwise have as a result of the legal doctrine that any ambiguity in an agreement is to be construed against the interests of the party whose attorney drafted the Agreement.

Page 9 of 12

## WAIVER OF INTEREST IN FUTURE EARNINGS AND ACQUISITIONS

46. The parties agree that each shall own and hold the property received by him or her under the terms of this Agreement, all earnings and other property hereafter acquired by each and acquired after the date of separation, respectively, as his or her sole and separate property, free from any claim of the other, except as specifically provided here, or of any creditor of the other by reason of the community property laws of the State of California, or by reason of any other law or fact.

## EXECUTION OF OTHER DOCUMENTS

47. Each party shall execute promptly all documents and instruments necessary or convenient to vest titles and estates as provided in this Agreement and/or to effectuate its purpose and intent. Notwithstanding the failure or refusal of either party to execute any such instrument, this Agreement shall constitute a complete transfer and conveyance of the properties designated as being transferred, conveyed, or assigned by each party. If the parties fail to execute any documents necessary to effectuate the terms of this Agreement, within thirty (30) days after presentation of the Agreement, on ex parte application to the court (with a twenty-four-hour notice of application to the other party), the clerk shall be appointed to execute the documents.

## APPROVAL OF AGREEMENT

48. This Agreement shall be submitted to the court for approval in the parties' dissolution action, and the same shall be made a part of any decree rendered in such action, and the parties, by the terms of said decree, shall be ordered to comply with the terms of this Agreement. However, the parties intend and agree that the terms, covenants, and provisions of this Agreement shall bind them regardless of its incorporation into any said decree of dissolution of marriage.

## DEFAULTS NOT WAIVED

49. No waiver of the breach of any of the terms or provisions of this Agreement shall be a waiver of any preceding or succeeding breach of the Agreement or any other provisions of it.

## CAPTIONS

50. The captions of various paragraphs in this Agreement are for convenience only, and none of them is intended to be any part of the text of this Agreement, nor intended to be referred to in construing any of the provisions of the Agreement.

## PARTIES BOUND

51. This Agreement shall inure to the benefit of and be binding on the parties and their respective heirs, executors, administrators, successors, assigns, and legal representatives.

Page 10 of 12

## MISCELLANEOUS PROVISIONS

52. The recitals in paragraph 1 of this Agreement are incorporated into this Agreement.

53. If any portion of this Agreement is held illegal, unenforceable, void, or voidable by any court, each of the remaining terms shall continue in full force as a separate contract.

54. The parties agree that each shall have the right to live separate from the other without interference or harassment.

55. This Agreement shall be subject to and interpreted under the laws of the State of California.

56. Subsequent changes in California law and federal law through legislation or judicial interpretation that create or find additional or different rights and obligations of the parties shall not affect this Agreement.

57. This instrument may be executed in any number of counterparts, any of which shall be deemed to be an original.

58. This Agreement and its provisions shall not be construed strictly for or against either party, but shall be construed fairly and even-handedly.

59. The party receiving specific property under this Agreement shall be entitled to, and the other party shall transfer and assign to him or her, all rights, title, and interest in the property, and also shall be entitled to existing insurance on that property, and the benefits, if any, of premiums previously paid on that insurance and shall be solely responsible for the payment of all premiums due thereafter under the insurance policy terms if the party decides, in his or her sole discretion, to maintain said policy in force.

60. Each party shall have the right, and the other party shall cooperate by doing all reasonable acts and supplying all appropriate documents, to confirm, on a continuing basis, compliance with all provisions under this Agreement.

61. This Agreement is entire. The parties may not alter, amend, or modify the property provisions of this Agreement, except by instrument in writing executed by both parties. This Agreement includes all representations of every kind and nature made by each of the parties to the other.

///

///

Page 11 of 12

## EFFECTIVE DATE

62.    This Agreement conforms in material terms to the parties' entitled "Settlement Agreement Enforceable Pursuant to CCP Section 664.6, Dated October 13, 2008." This Agreement supercedes such agreement and is effective date on the last date of signature below.

Dated: __11/20/08__                    Dated: __Nov 11, 2008__

CLARK F. FLESHER                    LEANN FLESHER
Husband                             Wife

Approved as conforming to the Agreement of the parties:

GREGORY A. SILVA                    JANE R. KAPLAN
Attorney for Husband                Attorney for Wife

Page 12 of 12